IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT EMERSON FELIX,

    Petitioner,

  v.

MICHAEL HENNESSY, Sheriff,

    Respondent.

No. C 01-03138 WHA

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS CORPUS PETITION**

## INTRODUCTION

In this habeas corpus proceeding, respondent moves to dismiss the petition on various grounds, including untimeliness. For the reasons stated below, respondent's motion is **GRANTED** and petitioner's habeas petition is **DISMISSED** without leave to amend.

## STATEMENT

In December 1982, petitioner Scott Emerson Felix was convicted of rape, assault with intent to commit rape, two counts of forcible oral copulation, and three counts of false imprisonment. The trial court sentenced petitioner to nineteen years and four months in prison. In December 1993, petitioner was paroled. In March 1996, petitioner's parole was revoked for violating a no-alcohol condition, and he was returned to custody for nine months.

Prior to petitioner's scheduled release in November 1996, the San Francisco District Attorney filed a petition to have petitioner declared a sexually violent predator pursuant to California Welfare and Institutions Code Section 6600. In February 1998, the trial court declared

a mistrial because the jury was unable to reach a unanimous verdict on whether petitioner qualified as a sexually violent predator. On retrial in July 1998, the jury found that petitioner was a sexually violent predator. The trial court committed petitioner to the Department of Mental Health for two years.

In February 2000, the California Court of Appeal affirmed the judgment. In May 2000, the California Supreme Court denied review. Petitioner subsequently filed numerous pro se habeas corpus petitions in the state courts. In August 2001, petitioner filed a pro se habeas corpus petition in federal court stating fifteen claims. The petition was dismissed with leave to amend in order to delete what petitioner had identified as unexhausted claims. In October 2001, petitioner filed an amended petition restating the first six of his earlier pled fifteen claims. In July 2003, petitioner requested that his federal petition be held in abeyance while he exhausted additional claims. In documents filed in July and September 2004, respectively, petitioner alleged he had exhausted all of his claims through state habeas petition No. S124168, which was filed in the California Supreme Court in April 2004 and denied the following month.

Petitioner subsequently obtained counsel. In December 2007, counsel filed an amended petition. Respondent moves to dismiss the petition on various grounds, including untimeliness.

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. 2244(d). Relevant to this analysis, that period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). The Ninth Circuit has held that under AEDPA, "a judgment becomes 'final' in one of two ways — either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

The California Supreme Court denied review of petitioner's direct appeal on May 17, 2000. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

2

Accordingly, petitioner's judgment became "final" on August 15, 2000, the end of the ninety-day deadline for petitioner to file a petition for writ of certiorari. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). AEDPA's one-year statute of limitations period started to run the next day, on August 16, 2000. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001). Petitioner disagrees. He maintains that the statute of limitations commenced on October 22, 2002, ninety days after the California Supreme Court denied his fifth habeas petition filed in that court. Petitioner is mistaken. While the pursuit of state collateral remedies may serve to *toll* the statute of limitations, as discussed below, it does not constitute "direct review" for the purposes of determining the *commencement date* under 28 U.S.C. 2244(d)(1)(A).

Given the limitations period commencement date of August 16, 2000, absent tolling petitioner had until August 16, 2001, to file his federal petition. Petitioner's original federal petition was timely filed on August 14, 2001. Only two of petitioner's fifteen claims alleged therein, however, were unexhausted. Petitioner filed his amended federal petition more than six years later, on December 13, 2007. The amended petition may be considered timely only if petitioner is entitled to statutory or equitable tolling of the limitations period for those seventy-six months after the statute had run.

As to statutory tolling, AEDPA's one-year limitations period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). An application is "pending" until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). "A petitioner is normally entitled to 'one full round' of collateral review in state court free of federal interference. While that full round is properly in progress, AEDPA's one-year statute is tolled." *Welch v. Carey*, 350 F.3d 1079, 1082 (9th Cir. 2003).

Petitioner filed *eight* rounds of petitions in state court. The California Supreme Court denied petitioner's first petition in January 2001, his second petition in September 2001, his third and fourth petitions in December 2001, his fifth petition in July 2002, his sixth petition in May 2004, his seventh petition in October 2004, and his eighth petition in October 2005.

Petitioner's second through eighth petitions failed to toll. For purposes of 28 U.S.C. 2244(d)(2), state collateral proceedings are "pending" only during "the intervals between a lower court decision and the filing of a new petition in a higher court." *Saffold*, 536 U.S. at 223; *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003) ("[E]ach time a petitioner files a new habeas petition at the same or a lower level, . . . the subsequent petition has no effect on the already pending application, but triggers an entirely separate round of review").

Even assuming, *arguendo*, that petitioner's second through fourth petitions were entitled to continuous tolling, his fifth petition, contrary to petitioner's assertion, would have had no tolling effect as it was denied as untimely and therefore was not "properly filed." *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005), *amended* 439 F.3d 993 (9th Cir. 2006). Furthermore, even had it been timely filed and had it tolled the statute of limitations, the statute would have expired in July 2003, one year after the state Supreme Court's ruling on the fifth petition. Petitioner did not file his exhaustion petition until April 2004, nine months later. Petitioner maintains he did not file the exhaustion petition earlier because his July 2003 motion for an abeyance of his federal case was not decided until March 2004. Petitioner need not, however, have waited for a ruling on the abeyance motion to file his exhaustion petition in state court. *See Mayle v. Felix*, 545 U.S. 644, 652 n.2 (2005) (after state moved to dismiss mixed petition but before court had ruled on motion, petitioner presented unexhausted claim to state court). Moreover, even though the abeyance motion was ultimately granted, the limitations period still ran. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed). Accordingly, unless petitioner is entitled to equitable tolling, his amended petition is barred as a matter of law.

As to equitable tolling, the Ninth Circuit has recognized that the limitations period may be equitably tolled under certain "extraordinary circumstances." *Calderon v. United States District Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States District Ct. (Kelly)*, 163 F.3d 530 (9th Cir. 1998). The Ninth Circuit has "made clear, that equitable tolling is 'unavailable in most cases.'" *Miranda v. Castro*,

4

292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotations omitted).  "Indeed, the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule."  *Ibid.*  Equitable tolling is only appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  *Beeler*, 128 F.3d at 1288.  A petitioner asserting entitlement to equitable-tolling relief "bears the burden of showing that this extraordinary exclusion should apply."  *Miranda*, 292 F.3d at 1065.  As such, petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  *Pace*, 544 U.S. at 418.  He must show that the "extraordinary circumstances" were the cause of his untimeliness.  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  Here, petitioner has not asserted a right to equitable tolling and, in any event, the circumstances are not extraordinary and do not justify tolling on this ground.  Petitioner's amended petition is barred as untimely.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss petitioner's habeas petition is **GRANTED**.  As such, the petition is **DISMISSED** without leave to amend.

**IT IS SO ORDERED.**

Dated:  November 17, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5