**United States District Court**
For the Northern District of California

1

2

3

4

5            IN THE UNITED STATES DISTRICT COURT

6

7       FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   SCOTT EMERSON FELIX,                        No. C 01-03138 WHA

10              Petitioner,

11      v.                                      **ORDER TO SHOW CAUSE**

12   SHERIFF MICHAEL HENNESSEY, Warden,

13              Respondent.

14   _____/

15

16        It appears that not only are the issues raised in petitioner's motion for a certificate of

17   appealability debatable but that the November 17 order granting respondent's motion to dismiss

18   may have contained an error.  The order noted that petitioner's original federal petition was

19   timely filed on August 14, 2001 — two days before the limitations period closed — but

20   contained both exhausted and unexhausted claims.  That meant it had to be either dismissed

21   without prejudice or amended to remove the unexhausted claims.  The order then stated, "[t]he

22   amended petition may be considered timely only if petitioner is entitled to statutory or equitable

23   tolling of the limitations period for [the intervening] seventy-six months after the statute had

24   run" (Dkt. No. 53 at 3).

25        Upon review of the (lengthy) procedural history of this matter, it appears that the

26   exhausted claims in the original petition may never have been dismissed (or may have been

27   erroneously dismissed) before the case was stayed under the "stay and abeyance" procedure

28

**United States District Court**
For the Northern District of California

1   (*see* Dkt. Nos. 3, 5, 14).[1]  *See, e.g.*, *Robbins v. Carey*, 481 F.3d 1143, 1148 (9th Cir. 2007)

2   (describing the procedure).  Petitioner was operating *pro se* until 2007, and therefore the

3   ensuing amendment process was a lengthy one as petitioner was given numerous opportunities

4   to clarify his claims.  It appears, however, that the exhausted claims in the original federal

5   petition have been (or should have been) continuously pending before the Court since the filing

6   of the original (timely) federal petition on August 14, 2001.

7        The Court is inclined to reconsider the November 17 order if it has jurisdiction to do so.

8   The Supreme Court has stated that courts of appeals lack appellate jurisdiction over habeas

9   petitions until a certificate of appealability actually issues, arguably suggesting that this Court

10  continues to hold jurisdiction to vacate the judgment and reconsider its prior ruling.  *See* 28

11  U.S.C. 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).  If the Court lacks

12  jurisdiction, however, then the Court is inclined to ask the Court of Appeals to vacate the

13  judgment and remand the case for further proceedings.

14       By Monday, **APRIL 6, 2009, AT 5:00 P.M.**, the respondent is ordered to respond and

15  show cause why the Court should not re-open the case and whether the Court has jurisdiction to

16  do so without the judgment being vacated by the court of appeals.  Petitioner may also respond

17  by the same deadline to offer input on the jurisdictional (or any other) matter if he so chooses.

18

19       **IT IS SO ORDERED.**

20

21  Dated:  March 26, 2009.

22                                        WILLIAM ALSUP
                                          UNITED STATES DISTRICT JUDGE

23

24

25       [1] The order filed September 17, 2001, concluded that the petition was "dismissed" but it also explained
26  that, although district courts must dismiss "mixed" petitions (without prejudice), courts also "must afford the
    petitioner an opportunity to amend the petition to delete the unexhausted claims," an alternative that, under the
27  authority cited, would *not* result in dismissal.  The order proceeded to give petitioner such a choice (Dkt. No. 3).
    Subsequently, petitioner filed what he termed an "amended complaint" but which the Court interpreted as a
    motion to reconsider.  In the interim the Ninth Circuit had detailed the "stay and abeyance" procedure.  The
28  February 2003 order gave petitioner the same two options it had previously given, dismissal or amendment, this
    time explaining that if petitioner chose the latter he could request a stay under the "stay and abeyance"
    procedure (Dkt. No. 5).  The case was subsequently stayed (Dkt. No. 14).

2